# Exhibit A

6

**E-FILED**

**03-31-2021, 14:17**
**Scott G. Weber, Clerk**
**Clark County**

1

2

3

4

5

6

7

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF CLARK

8

9  DAVID NICHOLSON,

Plaintiff,

10    v.

11

BLEFA KEGS, INC., a Delaware Corporation;
12  GRINDING AND POLISHING
MACHINERY CORPORATION, an Indiana
13  Corporation; and JOHN DOE
MANUFACTURER 1-5,
14

15                          Defendants.

No. 21-2-00589-06

COMPLAINT FOR NEGLIGENCE

16

17  Plaintiff David Nicholson alleges:

18                I. JURISDICTION AND VENUE

19        1.1    This Court has subject matter jurisdiction over this cause of action under RCW

20  2.08.010.

21        1.2    Plaintiff David Nicholson is a resident of Vancouver, Clark County, Washington,

22  and was injured in an incident taking place in Vancouver, Clark County, Washington.

23        1.3    Defendant  BLEFA  Kegs,  Inc  ("BLEFA")  is  a  Delaware  Corporation,

24  headquartered  in  La  Vergne,  Tennessee,  and  which  transacts  business  in  Clark  Country,

25  Washington.

26

COMPLAINT FOR NEGLIGENCE - 1

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
PHONE: (206) 442-9106 • FAX: (206) 441-9711

4

1.4     Defendant Grinding and Polishing Machinery Corporation ("G&P") is an Indiana Corporation, headquartered in Indianapolis, Indiana, and which transacts business in Clark County, Washington.

1.5     Defendants John Doe Manufacturers 1-5 ("John Does 1-5") are Washington business entities or sole proprietorships who transact business in Clark County, Washington.

1.6     Collectively, BLEFA, G&P and John Does 1-5 may be referred to herein as the ("Defendants").

1.7     Jurisdiction and venue are proper in Clark County, Washington, under RCW 4.12.020, because Defendants transact business in Clark County, Washington, and the accident took place in Clark County, Washington.

## II. BACKGROUND FACTS

2.1     Plaintiff incorporates by reference and re-alleges Paragraphs 1.1 – 1.7 as if fully set forth herein.

2.2     On or about August 28, 2018, at approximately 7:30 AM, Mr. Nicholson was injured in the course of his normal duties working for Express Employment Professionals ("Express") at BLEFA's warehouse at 801 Northeast 109th Avenue, Suite G, Vancouver, Clark County, Washington.

2.3     BLEFA contracted with Express to provide various services, including staffing of various warehouse and industrial jobs.

2.4     While in the course of his duties for Express, Mr. Nicholson operated an industrial keg polishing machine at the BLEFA warehouse (the "Polishing Machine").

2.5     Mr. Nicholson's arm got caught in the rollers of the Polishing Machine.

2.6     Mr. Nicholson released the handlebar controls of the Polishing Machine, but neither the driver roller, nor the rotating keg stopped.

2.7     Mr. Nicholson was unable to reach the emergency shut off button on the far-left side of the Polishing Machine.

COMPLAINT FOR NEGLIGENCE - 2

EMERY | REDDY, PLLC
600 Stewart Street, Suite 1100
Seattle, WA 98101
PHONE: (206) 442-9106 • FAX: (206) 441-9711

2.8    The Polishing Machine jerked and pulled his arm further into the rollers, causing a crushing injury.

2.9    Mr. Nicholson was stuck in the Polishing Machine until other workers helped him remove his arm.

2.10    Upon information and belief, G&P was the manufacturer of the Polishing Machine.

2.11    Upon information and belief, BLEFA was the owner of the Polishing Machine.

2.12    In the alternative, John Does 1-5 designed, manufactured, sold, distributed, and maintained the Polishing Machine.

2.13    Mr. Nicholson reasonably relied upon Defendants to design, manufacture, distribute, and maintain a safe industrial keg polishing machine.

2.14    The Polishing Machine was used within the reasonable, useful life of the product, and was not in visible disrepair.

2.15    Defendants were negligent in the design, manufacture, and/or maintenance of the Polishing Machine, and their negligence caused the incident described in Paragraph No. 2.1 – 2.14 above.

2.16    Defendants were negligent in the training and operation of the Polishing Machine, and failed to provide a safe workplace for Plaintiff.

2.17    As a result of the accident, Plaintiff David Nicholson was seriously injured, suffered additional losses, including lost work, and incurred significant medical expenses in an amount to be established at the time of trial.

## III. CLAIMS AND CAUSES OF ACTION

3.1    Plaintiff incorporates by reference and re-alleges Paragraphs 1.1 – 2.17 as if fully set forth herein.

3.2    Defendants BLEFA and John Does 1-5 were negligent in causing the subject incident of August 28, 2018, in the following respects:

COMPLAINT FOR NEGLIGENCE - 3

a.  Failing to use reasonable care when maintaining the Polishing Machine;

b.  Failing to provide adequate training and safeguards on and around the Polishing Machine;

c.  Failing to maintain its heightened duty to protect employees from harm; and

d.  Failing to know of, discover and remedy an unsafe condition on the premises, realizing that it involved an unreasonable risk of harm.

3.3     Defendant G&P and John Does 1-5 were negligent in causing the subject incident of August 28, 2018, in the following respects:

a.  Failing to use reasonable care when designing, manufacturing, and selling a product;

b.  Failing to maintain its heightened duty to protect the ordinary consumer from harm with its manufactured products; and

c.  Creating a hazardous environment to the public and at workplaces by selling an unsafe product that could injure a member of the public.

3.4     Defendants had a duty to follow applicable Washington Department of Labor and Industry standards for lockout/tagout and machine safety (as codified through WAC Tile 296 et sep.) and applicable American National Standards Institute ("ANSI") requirements including but not limited to:

a.  WAC 296-803-20005(1) written lockout/tagout program;

b.  WAC 296-806-2008 operating control meeting requirement;

c.  WAC 296-806-20010 protect employees from unintentional machine operation;

d.  WAC 296-806-20028 safeguard employees from point of operation;

e.  WAC 296-806-20030 safeguard employees from nip or shear point hazards;

f.  WAC 296-806-20032 safeguard employees from rotating or revolving parts;

g.  WAC 296-806-20044 make sure devices meet these requirements;

h.  WAC 296-126-094 general duty-working conditions;

COMPLAINT FOR NEGLIGENCE - 4

EMERY | REDDY, PLLC
600 Stewart Street, Suite 1100
Seattle, WA 98101
PHONE: (206) 442-9106 • FAX: (206) 441-9711

i.   ANSI B11.0-2015 safety of machinery; and

j.   ANSI B11.9-2010 safety requirements of grinding machines.

3.5     Defendants had a duty of care to Plaintiff, Defendants breached that duty of care, and Defendants' breach of their duty of care was the proximate cause of the damages to Plaintiff identified below.

3.6     Defendant G&P is a product manufacture within the meaning of the Washington Products Liability Act ("WPLA") and RCW 7.72.010.

3.7     Defendant G&P designed and manufactured the relevant product, the Polishing Machine, which was sold to Defendant BLEFA.

3.8     In the alternative, Defendants John Does 1-5 were product manufacturers within the meaning of the WPLA and RCW 7.72.010 and designed, manufactured, and sold the relevant product, the subject the industrial keg polishing machine.

3.9     The relevant product was not reasonably safe in construction when it left the Defendants' control on the grounds that the product deviated in a material way from design specifications, or performance standards.

3.10    Defendants are strictly liable to the Plaintiffs for the harm proximately caused by the fact that the subject product did not conform to the Defendants' express or implied warranties.

3.11    Defendants may also be strictly liable as a product seller under RCW 7.72.040.

3.12    The relevant product was unsafe to an extent beyond that contemplated by the ordinary consumer.

3.13    The Defendants are strictly liable to the Plaintiff David Nicholson for the harm proximately caused by the fact that the products that the Defendants manufactured and delivered, and that the Plaintiff used as intended, were defective and not reasonably safe.

3.14    Defendants are liable for the negligent acts and omissions of their employees and agents under the doctrine of *respondent superior* for the harm caused to Plaintiff.

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
PHONE: (206) 442-9106 • FAX: (206) 441-9711

**Exhibit A   Page 5 of 6**

## IV. DAMAGES

4.1     Plaintiffs incorporates by reference and re-alleges Paragraphs 1.1 – 3.14 as if fully set forth herein.

4.2     As a result of Defendants' negligent and wrongful conduct, Plaintiff sustained the following damages:

      a.   pain, suffering and mental anguish;

      b.   lost wages, employment benefits, and earning capacity;

      c.   medical and other out of pocket expenses for care and treatment; and

      d.   permanent impairment.

## V. REQUEST FOR RELIEF

5.1     Plaintiff David Nicholson requests that judgment be entered against Defendants, jointly and severally, as follows:

      a.   Awarding Plaintiff special damages for her medical and out of pocket expenses, lost wages and employment benefits, and loss of earning capacity in amounts to be established at the time of trial.

      b.   Awarding Plaintiff general damages for her pain, suffering, mental anguish and permanent impairment in an amount to be established at the time of trial.

      c.   Awarding Plaintiff her statutory fees and costs incurred in this action.

      d.   Awarding Plaintiff any further or additional relief which the court finds equitable, appropriate or just.

DATED this 31st day of March, 2021.

EMERY | REDDY, PLLC

_____
JASON J. HOEFT, WSBA # 39547
Attorney for Plaintiff David

COMPLAINT FOR NEGLIGENCE - 6